UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA LAMONT MCCALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 09-1367 |
| | ) |
| JODY HATHAWAY,[1] Warden, | |
| Shawnee Correctional Center, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988).  If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition.  Id.  In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail.  Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ."  28 U.S.C. § 2254(b)(1)(A).  Exhaustion occurs when federal claims have been

---

[1] Petitioner has listed the Attorney General of Illinois and the People of the State of Illinois as respondents.  Jody Hathaway is actually the Warden of Shawnee Correctional Center, where Petitioner is currently confined, and therefore Hathaway is the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed.  Farrell, 939 F.2d at 410.  Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).

McCall's § 2254 petition demonstrates that he has not exhausted his claims with the Illinois courts.  Indeed, he lists October 15, 2009, as his date of sentencing, and his § 2254 petition is dated October 22, 2009.  Furthermore, McCall states that, "This is my first time ever appealing."  Thus, it seems clear that McCall has failed to first exhaust the remedies that may be available to him in state court.

Although § 2254(b)(2) does provide that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," this language is permissive rather than mandatory.  McCall has an opportunity to pursue his appeal in the Illinois courts, and it is still possible for him to obtain full relief on his claims.  Consequently, the Court finds that this is not a case where § 2254(b)(2) should be applied to reach the merits, as the state courts should be afforded the opportunity to address McCall's claims of error with respect to his conviction.  Thus, McCall must first exhaust his state court remedies before seeking federal habeas corpus relief, and his premature Petition will be dismissed.

Accordingly, this matter is now DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies.  This matter is now TERMINATED.

ENTERED this 7th day of April, 2010.

                                                        s/Michael M. Mihm  
                                                        Michael M.. Mihm  
                                                        United States District Judge